Henry T. Harmel and Eileen B. Harmel, Husband and Wife, v. Commissioner. Henry T. Harmel v. Commissioner. Eileen B. Harmel v. Commissioner.
Harmel v. Commissioner
Docket Nos. 22927, 22928, 22929.
United States Tax Court
1952 Tax Ct. Memo LEXIS 182; 11 T.C.M. (CCH) 599; T.C.M. (RIA) 52180; June 13, 1952
*182 A.P.G. Steffes, Esq., for the petitioners. Earl C. Crouter, Esq., for the respondent. LEMIRE Memorandum Findings of Fact and Opinion In these proceedings the respondent has determined income tax deficiencies, over-assessments and penalties for the years 1943, 1944 and 1945 as follows: Docket
Over-
No.
Petitioner
Year
Deficiency
assessment
Penalty
22927
Henry T. and Eileen B. Harmel
1943
$2,406.38
$1,203.19
22928
Henry T. Harmel
1944
6,924.97
3,462.49
1945
6,756.84
$4.45
3,378.42
22929
Eileen B. Harmel
1944
6,924.97
3,462.49
1945
6,756.84
4.45
3,378.42 Petitioners challenged the jurisdiction of this Court as to all years involved on the grounds that prior to the mailing of the deficiency notices amended returns were filed by petitioners for each of the taxable years and that the assessments made on the original and amended returns exceeded the tax liabilities, exclusive of penalties, finally determined by the respondent, so that there were no statutory deficiencies and hence no authorization for the deficiency notices. Petitioners also contest the proposed assessment of the fraud penalties. *183 The parties are in substantial agreement as to the evidentiary facts. Findings of Fact The petitioners are husband and wife residing at Los Angeles, California. They filed a joint return for 1943 and separate returns for 1944 and 1945. The returns were filed with the collector of internal revenue for the sixth district of California. The term petitioner will be used hereinafter to refer to the husband, Henry T. Harmel. Petitioner is a manufacturer and wholesale distributor of pickles. During each of the years 1943, 1944 and 1945 he knowingly sold pickles at above O.P.A. ceiling prices. These overcharges were not reflected in the books regularly kept by petitioner and his wife, but petitioner, individually, kept a separate book in which they were accurately recorded. In their original returns for the years 1943, 1944 and 1945 petitioners reported only the gross income reflected in the regular books and omitted the amounts received as over-ceiling charges. An investigation of those returns by the Commissioner was begun in August 1945 and as a result thereof an agreement was reached by the petitioner and the investigating agents, reduced to writing under date of August 29, 1946, as *184 to petitioners' correct taxable income for each of the three years. The net income as reported by petitioners in their original returns and the net income as agreed to in the investigation was as follows: Net Income
Correct
Year
Reported
Net Income
1943
$ 1,935.31
$10,511.12
1944
8,946.12
42,221.31
1945
28,345.68
52,776.78
Petitioners filed amended returns for 1943, 1944 and 1945 on November 7, 1947. These amended returns were in conformity, as to the net income reported, with the above-mentioned agreement and with the Commissioner's determination as set out in the deficiency notices. Petitioners' original returns for 1943, 1944 and 1945 were false and fraudulent with intent to evade tax. Opinion LeMIRE, Judge: As will be seen from the above findings of fact the parties are in agreement as to petitioners' tax liabilities for all of the years involved, except for the imposition of fraud penalties. Petitioners apparently place their chief reliance here on the jurisdictional issue. They have devoted practically all of their brief to that issue. Their argument is, in substance, that there were no deficiencies in tax for any of the years at the *185 time the deficiency notices were sent; that in the absence of a determination of deficiencies the Commissioner was without authority to assess the fraud penalties and that the unauthorized deficiency notices do not confer jurisdiction on this Court in any of the proceedings. As petitioners conceded in their brief, these or similar contentions have been previously considered and rejected by this Court. See ; ; , and earlier cases therein cited. Following those cases we hold that the deficiency notices were properly issued by the Commissioner and that the Tax Court has jurisdiction in the proceedings. Petitioners' sole defense against the fraud penalties, as argued in their brief, is that they intended all along to return all of their income, including the over-ceiling charges, and pay all of the taxes due thereon "when the O.P.A. threat was removed." There is nothing in the evidence to support this contention. The amended returns were not filed, it will be noted, until after the Commissioner had started his investigation. In any event the fact that petitioners may *186 have had another motive for failing to report a large portion of their income does not mean that the intent to evade taxes was not also present. . Petitioners knew that they were grossly understating their income in their returns and that such understatement if not detected would result in an evasion of tax. In the absence of convincing proof to the contrary they must be presumed to have intended the obvious consequences of their acts. We think that the evidence amply supports respondent's determination that there was such an intent and that the returns were false and fraudulent. See ; . Decisions will be entered under Rule 50.